Filed 5/21/14  P. v. Tubb CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br>   Plaintiff and Respondent, <br><br> v. <br><br> BRYCE KARSTEN TUBB, <br><br>   Defendant and Appellant. | 2d Crim. No. B250181 <br> (Super. Ct. No. 2011042874) <br> (Ventura County) |

Bryce Karsten Tubb appeals a judgment entered after he pled guilty to identity theft and forgery (Pen. Code, §§ 530.5, subd. (c)(3), 475, subd. (b))[1] and admitted to prior prison enhancements (§ 667.5, subd. (b)).  The trial court sentenced Tubb to one year four months in state prison, with six days of presentence custody credit consisting of four days spent in custody and two days conduct credit.

Tubb contends, and the People concede, that he is entitled to four days of presentence conduct credit.  We agree.

FACTUAL BACKGROUND

We omit the facts of the crimes because Tubb pled guilty and his only claim relates to sentencing credits.

On June 3, 2011, Tubb committed the crimes for which he was convicted.  He spent four days in custody before the trial court sentenced him.

---

[1] All statutory references are to the Penal Code.

DISCUSSION

Tubb is entitled to four days of presentence conduct credit for the four days he spent in custody. When Tubb committed his crimes (between September 28, 2010, and October 1, 2011), conduct credits for defendants convicted of felonies and sentenced to state prison were governed by section 2933, former subdivision (e)(1). (Stats. 2010, ch. 426, § 1.) That version authorized day-for-day conduct credits: "Notwithstanding Section 4019 . . . a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail . . . from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner." (§ 2933, former subd. (e)(1).) Tubb's prior convictions are not disqualifying convictions under section 2933, former subdivision (e)(3), because they were not serious or violent. (§§ 1192.7, subd. (c), 667.5, subd. (c).)

DISPOSITION

The trial court is directed to modify the judgment and amend the abstract of judgment to reflect that Tubb is awarded four days custody credit and four days conduct credit for a total of eight days presentence custody credit. The clerk shall prepare an amended abstract of judgment incorporating the modification and forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:



YEGAN, J.



PERREN, J.

2

Kevin J. McGee, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.